E-FILED
Tuesday, 29 October, 2019 03:55:04 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**URBANA DIVISION**

**ELIZABETH TOTMAN,**

**Plaintiff,**

**v.** **Case No. 2:19-cv-02293**

**CHRISTENSEN FARMS MIDWEST, LLC,**

**Defendant.**

**PLAINTIFF'S COMPLAINT WITH DEMAND FOR INJUCTIVE RELIEF AND FOR JURY TRIAL**

Plaintiff, ELIZABETH TOTMAN ("Plaintiff" or "Totman"), files her Complaint against Defendant, CHRISTENSEN FARMS MIDWEST, LLC ("Defendant" or "Christensen"), and states the following:

**NATURE OF THE CLAIMS**

1. This is an action for monetary damages and injunctive relief, pursuant to Title I of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101 *et seq.* ("ADA"), the Family and Medical Leave Act of 1996, 29 U.S.C. § 2601, *et seq.* ( "FMLA"), and the Illinois Human Rights Act, 775 ILCS 5/1-101, *et seq.* ( "IHRA") to redress Defendant's unlawful employment practices against Plaintiff, including discrimination, harassment, interference with Plaintiff's lawful exercise of her rights under the FMLA, and retaliation. Plaintiff alleges that Defendant engaged in a pattern and practice of discrimination and the promulgation of a hostile work environment, intentionally and systemically, based on Plaintiff's medical condition.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding deprivation of Plaintiff's civil rights under the ADA and FMLA.

3. This Court has supplemental jurisdiction over Plaintiff's related claims arising under state law and the IHRA pursuant to 28 U.S.C. §1367(a).

4. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to this action, including Defendant's unlawful employment practices alleged herein, occurred in this district.

**THE PARTIES**

5. Plaintiff, TOTMAN, is a citizen of the United States, and was at all times material, a resident of the state of Illinois.

6. Defendant, CHRISTENSEN, is a Foreign Profit Company with its headquarters located at 23971 County Road 10, Sleepy Eye, MN 56085. Defendant is licensed to do business in Illinois.

7. Defendant is a covered employer under the ADA, the FMLA, and the IHRA.

**PROCEDURAL REQUIREMENTS**

8. Plaintiff has complied with all statutory prerequisites to filing this action.

9. On June 27, 2018, Plaintiff filed a claim with the Equal Employment Opportunity Commission ("EEOC") and the Illinois Department of Human Relations ("IDHR") based on disability discrimination and retaliation, against Defendant, satisfying the requirements of 42 U.S.C. § 2000e-5(b) and (e).

10. Plaintiff's EEOC charge was filed within three hundred days after the alleged unlawful employment practices occurred.

11. On July 31, 2019, the EEOC issued to Plaintiff a Notice of Right to Sue.

12. This complaint was filed within ninety days of the issuance of the EEOC's Right to Sue.

## FACTUAL ALLEGATIONS

13. Plaintiff is a disabled female.

14. On or about April 1, 2018, Plaintiff began working full-time for Defendant as a Herdsman. Plaintiff held the same position until her wrongful termination in March 2018.

15. During her tenure with Defendant, Plaintiff satisfactorily performed the job requirements of her position and regularly worked or exceeded forty (40) hours per week.

16. Plaintiff was a qualified individual within the meaning of the ADA and could perform all essential functions of her position with or without reasonable accommodations.

17. Defendant targeted and discriminated against Plaintiff because of her disability and interfered with her ability to use protected leave under the FMLA.

18. On January 9, 2018, Plaintiff suffered a seizure on the job and was escorted from the workplace via ambulance.

19. Plaintiff's physician released her to return to work on January 11, 2018 without restrictions. Upon her return to work, Plaintiff provided Defendant with documentation from her physician clearing her to return to work.

20. Defendant refused to accept Plaintiff's documentation from her physician.

21. Defendant sent Plaintiff home and informed her she needed to provide additional paperwork from her physician regarding potential work restrictions.

22. Defendant provided Plaintiff's physician with a letter/accommodation request form allegedly outlining Plaintiff's job duties. Plaintiff took Defendant's form to her physician for execution.

23. In its self-serving letter/accommodation request form, Defendant claimed Plaintiff was required to be in confined spaces with 500-pound hogs for most of her time at work.

24. Plaintiff disputes this description - the heaviest hogs she encountered daily weighed only 250-350 pounds. Further, the hogs were housed in crates which created a controlled environment.

25. Defendant intentionally provided false information to Plaintiff's treating physician via its letter/accommodation request in order to obtain the result it wanted - Plaintiff's termination.

26. Had Defendant provided the appropriate job description to Plaintiff's physician, her physician would have been able to make an accurate assessment of appropriate reasonable accommodations which would have permitted Plaintiff to return to work.

27. Based on the false information Defendant provided Plaintiff's physician, her physician recommended restrictions for six months.

28. At the time of Plaintiff's termination, she was a mere thirty (30) days away from becoming FMLA eligible.

29. Defendant failed to engage in the interactive process with Plaintiff.

30. Due to its discriminatory animus towards Plaintiff, Defendant refused to provide Plaintiff with the reasonable accommodation of an additional thirty (30) days of leave to bridge the short gap until she became FMLA eligible.

31. In March 2018, Defendant informed Plaintiff it would not accommodate her disability.

32. Defendant unlawfully terminated Plaintiff due to her disability and in retaliation for her request for reasonable accommodation.

33. Plaintiff has been damaged by Defendant's illegal conduct.

34. Plaintiff has had to retain the services of undersigned counsel and has agreed to pay said counsel reasonable attorneys' fees.

**Count I: Disability Discrimination in Violation of the ADA**

35. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-34, above.

36. At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADA. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

37. Plaintiff was able to perform the essential functions of her job at the time of her termination with or without an accommodation.

38. Defendant is prohibited under the ADA from discriminating against Plaintiff because of her disability with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

39. Defendant violated the ADA by unlawfully terminating and discriminating against Plaintiff based on her disability.

40. Plaintiff has been damaged by Defendant's illegal conduct.

41. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling her to compensatory damages.

42. Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling her to punitive damages.

**Count II: Retaliation in Violation of the ADA**

43. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-34, above.

44. Plaintiff engaged in protected activity under the ADA on more than one occasion while employed by Defendant.

45. Defendant engaged in intentional retaliation against Plaintiff for engaging in protected activity.

46. Defendant's conduct violated the ADA.

47. Defendant's discriminatory conduct, in violation of the ADA, has caused Plaintiff to suffer a loss of pay, benefits, and prestige.

48. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling her to compensatory damages.

49. Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling her to punitive damages.

**Count III: FMLA Interference**

50. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-34, above.

51. Plaintiff would have become an employee eligible for leave under the FMLA a mere thirty (30) days after her termination.

52. Defendant is and was an employer as defined by the FMLA.

53. Plaintiff exercised, or attempted to exercise, her rights under the FMLA.

54. Defendant interfered with Plaintiff's lawful exercise of her FMLA rights.

55. Defendant's actions were willful, knowing, and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

56. Plaintiff was injured due to Defendant's willful violations of the FMLA, for which she is entitled to legal relief.

**Count IV: Disability Discrimination in Violation of the IHRA**

57. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-34, above.

58. At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the IHRA. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

59. Plaintiff was able to perform the essential functions of her job at the time of her termination with or without an accommodation.

60. Defendant is prohibited under the IHRA from discriminating against Plaintiff because of her disability with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

61. Defendant violated the IHRA by unlawfully terminating and discriminating against Plaintiff based on her disability.

62. Plaintiff has been damaged by Defendant's illegal conduct.

63. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling her to compensatory damages.

64. Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's legally protected rights, thereby entitling her to punitive damages.

**Count V: Retaliation in Violation of the IHRA**

65. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-33, above.

66. Plaintiff engaged in protected activity under the IHRA on more than one occasion while employed by Defendant.

67. Defendant engaged in intentional retaliation against Plaintiff for engaging in protected activity.

68. Defendant's conduct violated the IHRA.

69. Defendant's discriminatory conduct, in violation of the IHRA, has caused Plaintiff to suffer a loss of pay, benefits, and prestige.

70. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling her to compensatory damages.

71. Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's legally protected rights, thereby entitling her to punitive damages.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, requests this Honorable Court:

a) Enter judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in an amount to be proved at trial, punitive damages, liquidated damages, and prejudgment interest thereon;

b) Grant Plaintiff her costs and an award of reasonable attorneys' fees (including expert fees); and

c) Award any other and further relief as this Court deems just and proper.

**JURY DEMAND**

Plaintiff hereby requests a trial by jury on all triable issues herein.

Respectfully Submitted:
/s/ Gabrielle Klepper

Gabrielle Klepper, Esq. (92815)
Gary Martoccio, Esq. (6313431)
**Spielberger Law Group**
4890 W. Kennedy Blvd., Suite 950
Tampa, Florida 33609
T: (800) 965-1570
F: (866) 580-7499
Gabrielle.klepper@spielbergerlawgroup.com
Gary.Martoccio@spielbergerlawgroup.com

*Counsel for Plaintiff*